C. D. J. ENTERPRISES, Appellant,

v.

Leroy G. DENMAN, Jr., Trustee, et al.,
Appellees.

No. 203.

Court of Civil Appeals of Texas.

Aug. 25, 1966.

H. Gordon Davis, Harvey L. Hardy, San Antonio, for appellant.

James D. Baskin, San Antonio, for appellees.

## OPINION

NYE, Justice.

This was a suit for a writ of mandamus filed by plaintiff, the appellant herein, to compel the defendants, appellees herein, to furnish electric service to Stonegate Division, Unit No. 1. The appellant is a real estate developing company and appellees are the trustees constituting the City Public Service Board of San Antonio, Texas. The Stonegate Division, Unit No. 1, is located in an area northeast of the City of San Antonio, which is claimed by the City of San Antonio by virtue of annexation. The same area is claimed by virtue of incorporation by the Town of Stonegate. The appellants proposed a subdivision development and in connection therewith filed a plat of the subdivision with the City Planning Commission of the City of San Antonio. This plat was disapproved. Subsequently it was approved by the Town Council of the City of Stonegate. The trial court rendered judgment for the defendants sustaining a plea in abatement and a motion to dismiss the suit for mandamus.

The appellees have admitted their obligation to furnish electric service to the Stonegate area. However, they have refused such service contending that the developers have not complied with Art. 974a, Vernon's Ann.Civ.St., requiring the submission of the plat of the subdivision for approval to the City of San Antonio.

The State of Texas filed a quo warranto proceeding attacking the validity of the incorporation of the City of Stonegate. This case was styled Vernon et al. v. State of Texas ex rel. City of San Antonio et al., 406 S.W.2d 236. Appellees here agree that if Stonegate is validly incorporated they will furnish electric service as requested.

We have this day held in Emory F. Vernon et al. v. State of Texas ex rel. City of San Antonio et al., supra, that the Stonegate area in question has been validly annexed to the City of San Antonio and that the incorporation of the City of Stonegate is void. Appellees have represented to the trial court and re-affirmed here that they will furnish utility service to the Stonegate area in question, when the appellants comply with the requirements of the City of San Antonio which has jurisdiction over this area. We have no doubt that this will be complied with. The action of the trial court in abating and dismissing this case is correct.

The judgment of the trial court is affirmed.